[J-9-2013][M.O. – Baer, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 58 MAP 2012 |
| | : | |
| Appellant | : | Appeal from the Order of the Superior |
| | : | Court entered on 1/20/12 at No. 2464 |
| | : | EDA 2009 which vacated/remanded the |
| v. | : | judgment of sentence of Delaware |
| | : | County Court of Common Pleas, |
| | : | Criminal Division, entered on 7/14/09 at |
| | : | No. 23-CR-0002312-2008 |
| SHATAAN ADAMS, | : | |
| | : | |
| Appellant | : | ARGUED:  September 10, 2013 |

**DISSENTING OPINION**

**MR. JUSTICE SAYLOR**                    **DECIDED:  November 20, 2014**

Because I would conclude that the reference to Appellant's pre-arrest silence violated Article 1, Section 9 of the Pennsylvania Constitution, and that the error was not harmless, I respectfully dissent.

As explained in the companion case of Commonwealth v. Molina, ___ Pa. ___, ___ A.3d ___ (2014) (Opinion Announcing Judgment of the Court), the recent decision in Salinas v. Texas, ___ U.S. ___, 133 S. Ct. 2174 (2013), established that, where the defendant does not expressly invoke his privilege against self-incrimination prior to his arrest, no Fifth-Amendment right attaches.  However – and again, for reasons expressed in the Molina lead opinion – I would find that Article I, Section 9 of the Pennsylvania Constitution provides greater protection.  Thus, in my view the trial court

erred under that provision in permitting introduction of Appellant's refusal to speak with the police. Notably, in this respect, Appellant did not testify at his trial, and hence, his pre-arrest silence lacked any impeachment value.

I am also unconvinced by the lead opinion's reliance on an exception pertaining to evidence introduced for another purpose, such as explaining the sequence of the investigation. Indeed, I find such a proposition to be a mere pretext in the context of the present matter, as it seems readily apparent that, in the circumstances, the investigating officers would have sought to obtain Appellant's DNA even if he had affirmatively professed his innocence. Thus, I see no logical connection between Appellant's refusal to speak and the investigating officers' request for a DNA sample. As such, I disagree with the lead opinion to the extent it considers Appellant's refusal to speak as constituting "foundational evidence demonstrating how the police came to obtain [Appellant's] DNA[.]" Opinion Announcing the Judgment of the Court, slip op. at 4, 6. In this regard, I note that the Commonwealth could just as easily have elicited that the investigating officers went to Appellant's residence, identified themselves as a law enforcement officers, informed Appellant that his name had arisen in the investigation, and asked Appellant to provide a DNA sample. It seems unlikely the jury would have wondered why they would seek to obtain such a sample unless Appellant had first refused to speak with them.[1]

---

[1] Because the Commonwealth's burden is limited to adducing facts sufficient to demonstrate that the defendant committed all elements of the offense(s) charged, I also question the relevancy of information tending to explain why the police did what they did, unless the investigation itself is at issue in the case. See, e.g., Commonwealth v. Jones, 540 Pa. 442, 451, 658 A.2d 746, 751 (1995) (suggesting that information about the police investigation was relevant to answer defense counsel's pointed attack upon the adequacy of that investigation). I am therefore particularly circumspect about permitting the Commonwealth to utilize the course-of-the-investigation as a blanket excuse for introducing prejudicial material that would otherwise be inadmissible.

Because I would find trial error, I would also reach the question of whether the error was harmless. As set forth in Commonwealth v. Young, 561 Pa. 34, 748 A.2d 166 (1999), an error will be deemed harmless if: (1) the error did not prejudice the defendant or the prejudice was de minimus; or (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict. The Commonwealth bears the burden of proving harmlessness beyond a reasonable doubt. See id. at 85, 748 A.2d at 193.

The second element of the test is not at issue in this case, as there is no contention that the evidence of Appellant's pre-arrest silence was cumulative of other proofs. As for the first prong, I believe that the prejudice was not de minimus. To the contrary, the Commonwealth argued that Appellant's guilt should be inferred from his refusal to cooperate with the police in the pre-arrest timeframe. In particular, after defense counsel suggested various reasons consistent with innocence why Appellant might not have wished to speak with the police, see Commonwealth v. Adams, 39 A.3d 310, 320 (Pa. Super. 2012) (quoting N.T., May 8, 2009, at 37-39), the Commonwealth responded:

> But [Appellant] takes the odd step. He wants to – police say hey, look, you've been implicated in a murder. You want to talk to us? He doesn't remain silent. He chooses to talk. And he doesn't say you are out of your mind. I was at this party. It was a month later. I'm at this party, I was having a great time all day. I remember it was Big Tome's house. He didn't say that. He says I don't have anything to say to you. He chooses not to speak and he chose to say that. He didn't choose to say, whoa, I got an alibi. No prison for me. You're not catching me on a murder rap. He says I have nothing to say to you.

Id. at 315 (quoting N.T., May 8, 2009, at 112-13).

The lead opinion discounts the relevance of this aspect of the trial on grounds that Appellant himself sought to explain such silence during his summation, see Opinion Announcing Judgment of the Court, slip op. at 3-4 n.3; see also Adams, 39 A.3d at 320 (suggesting Appellant's counsel "made a tactical decision" to comment on Appellant's pre-arrest silence during his summation); cf. Opinion Announcing the Judgment of the Court, slip op. at 10-11 (indicating that the reference to Appellant's silence was "contextual and brief," and that "guilt [was] not implied"). It seems to me, however, that Appellant was left with no real choice but to attempt such an explanation after his objection to the pre-arrest silence testimony was overruled. Thus, the trial court's error led to the need for such commentary, which in turn opened the door to the Commonwealth's responsive argument advocating that the jury infer guilt based on Appellant's silence – none of which would have occurred if the court had sustained defense counsel's objection.

As for the final prong, the question is not as straightforward as usual, since the specific question on which we granted review is whether, in applying the harmless error doctrine, the Superior Court acted contrary to prevailing law by considering evidence of guilt that had been contradicted by the defense. See Commonwealth v. Adams, 616 Pa. 437, 438, 48 A.3d 1230, 1230-31 (2012) (per curiam). The Commonwealth appears to agree that the intermediate court departed from precedent, as it urges this Court to alter the harmless-error standard so that an appellate court may consider proofs that have been contradicted by the defense. See Brief for Commonwealth at 10, 25-30. In this regard, Appellant points out that he presented the testimony of an alibi witness that contradicted all of the testimony from the Commonwealth's witnesses placing Appellant at the scene of the crime. Notably, the Superior Court relied exclusively on this latter

testimony (as opposed to physical evidence) as constituting the overwhelming evidence of Appellant's guilt for purposes of its harmless-error inquiry. See Adams, 39 A.3d at 322-23. While the intermediate court described such testimony as "uncontradicted," id. at 322, in fact it was logically contradicted by the alibi testimony.[2]

I believe it would be unwise for this Court to alter the harmless-error test in the manner suggested by the Commonwealth, primarily for the reasons explained in Young. Most notably, it is not within the province of reviewing courts to determine the comparative credibility of conflicting evidence. See Young, 561 Pa. at 86, 748 A.2d at 194 ("Where such factfinding functions are implicated, appellate courts are incompetent to choose which side's evidence is more persuasive."); accord Commonwealth v. Markman, 591 Pa. 249, 279, 916 A.2d 586, 604 (2007).

In summary, then, I would hold that it was error for the trial court to overrule Appellant's objection to the Commonwealth's reference to his pre-arrest silence, and that the error was not harmless beyond a reasonable doubt. Accordingly, since the Court concludes that there was no error and affirms the Superior Court's order, I respectfully dissent.

---

[2] The Superior Court did not mention that an alibi witness had testified.